**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

VARNELL BRADLEY,                                                                    PETITIONER
Reg #16981-045

V.                                            2:10-cv-00064-JLH-JJV

T. C. OUTLAW, Warden                                                              RESPONDENT

<u>**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
INSTRUCTIONS**</u>

The following recommended disposition has been sent to United States District Judge J.

Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge (if such a
        hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the hearing before the
        District Judge in the form of an offer of proof,  and a copy,  or the original, of any
        documentary or other non-testimonial evidence desired to be introduced at the
        hearing before the District Judge.

1

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>500 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is Varnell Bradley's Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, an inmate in custody of the Forrest City Low Unit of the Federal Correctional Institution (FCI).

## I.    BACKGROUND

On October 11, 2004, Missouri state authorities arrested Bradley pursuant to gun and drug possession. (Doc. No. 1, p. 2).  He remained in state custody pending resolution of the state charges. (Doc. No. 10, Ex. A, Att. 1, pp. 2-3).  On July 18, 2005, Bradley was sentenced in Missouri state court to a term of three years.  (Doc. No. 10, Ex. A, Att. 3, p.3).

Prior to being sentenced in state court, on November 4, 2004, a federal grand jury from the Western District of Missouri handed up an indictment charging him with being a felon in possession of a firearm.[1]  Bradley's federal charge resulted from the same events of October 11, 2004, that resulted in his three year state prison sentence.

As a result of this new charge, Bradley was borrowed from state custody by federal authorities pursuant to a federal *Writ of Habeas Corpus Ad Prosequendum* so he could appear in court for his pending federal charges.  (Doc. No. 10, p.2).  Bradley was subsequently sentenced in

_____

[1]See Criminal Docket in the U.S. District Court for the Western District of Missouri for Case Number 2:04-cr-04051-NKL-1.

the Western District of Missouri on August 11, 2005, to a 77 month term of imprisonment.  (Doc. No. 10, Ex. A, Att. 5, p.2).  The federal sentence was ordered to run concurrent with his state sentence.  (*Id.*).

Bradley filed his current habeas corpus petition on May 3, 2010.  (Doc. No. 1).  He argues that the Bureau of Prisons (BOP) improperly denied him credit towards his federal sentence for time previously served while in state custody.  (Doc. No. 1, p. 3).  Specifically, Bradley argues that since the sentencing court instructed that his federal sentence was to run concurrently with his previous state sentence, his federal sentence began running on, October 11, 2004, the day he was first arrested. Therefore, he argues he is entitled to credit from October 11, 2004, to August 11, 2005. (*Id.*).

## II.    DISCUSSION

### A.    Exhaustion

The United States Court of Appeals for the Eighth Circuit has consistently held that before seeking federal habeas corpus relief under 28 U.S.C. § 2241 an inmate must exhaust his available administrative remedies.[2]  *See United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000)

---

[2]The BOP's administrative remedy process is set forth at 28 C.F.R. §§ 542.10-.19.  "An inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy, [via a BP-9]."  28 C.F.R. § 542.13(a).   If the inmate is not satisfied with the informal resolution, he may:

> submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.  An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response.  When the inmate demonstrates a valid reason for delay, these time limits may be extended . . . Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).

(holding that before filing an action in district court, an inmate must first exhaust his administrative remedies by presenting his claim for relief to the BOP); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993).

The United States Court of Appeals for the Eighth Circuit has identified four objectives that are promoted by the exhaustion requirement: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976). "The benefits from prior administrative review are substantial" and "[t]he procedure must be give an opportunity to succeed." *Id.*

Bradley contends that he should be excused from completing the final step of the exhaustion requirement because it would be futile. (Doc. No. 1, p.1). In looking at the record before the Court, it appears that he has completed the first two steps of the administrative process, but has failed to appeal to the General Counsel. While Bradley has clearly failed to exhaust the administrative process, given the totality of circumstances, the Court finds it appropriate to consider this claim on its merit. Accordingly, Bradley's failure to exhaust his administrative remedies is excused.

### B.      Sentence Calculation

Bradley appears to be seeking credit for the time from October 11, 2004, when he was arrested by Missouri state authorities, to the date his federal sentence was imposed, August 11, 2005. To fully address Bradley's argument, the Court must address the following issues:

(A) whether the BOP properly determined the day on which Bradley's federal sentence commenced; and

(B) whether Bradley is entitled to additional credit on his federal sentence for the period of time from October 11, 2004, through August 11, 2005.

i.       *The Date Bradley's Federal Sentence Commenced.*

The BOP properly calculated the date on which Bradley's federal sentence commenced –
August 11, 2005.  (Doc. No. 10, Ex. A, Att. 8, p.2).   "The date on which a federal sentence
commences is controlled by statute."  *Hayes v. United States*, 535 F.3d 907, 909 (8th Cir. 2008).
Pursuant to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date
the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence
service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C.
§ 3585(a).   Ordinarily, under 18 U.S.C. § 3585(a), Bradley's sentence would have commenced on
May 12, 2006, the date he was received into federal custody. (Doc. No. 10, Ex. A, Att. 8, p.2).   In
this case, however, the United States District Court ordered Bradley's federal sentence to be served
concurrent to his state sentence and a *nunc pro tunc* designation was granted, allowing Bradley's
federal sentence to commence on the date it was imposed, August 11, 2005.

Bradley believes he has been wronged, given a literal interpretation of the term "concurrent."
 He understandably assumes that, by ordering his federal sentence to run concurrent to his state
sentence, the Court literally intended for his federal sentence to begin running retroactively to his
state sentence.  This literal interpretation, however, fails to consider the limitations the law places
upon courts running sentences concurrently.  BOP Program Statement 5880.28 provides that "[i]n
no case can a federal sentence of imprisonment commence earlier than the date on which it is
imposed." BOP Program Statement 5880.28, pp. 1-13.  Bradley believes his federal sentence should
have started running on October 11, 2004 –  the date he was arrested by state authorities. The law
simply does not allow this Court to grant Mr Bradley's request.  Therefore, the BOP properly
determined that Bradley's federal sentence commenced on August 11, 2005.  (Doc. No. 10, Att. 1,
p. 2).

ii.     *Additional Credit.*

Bradley is not entitled to additional credit for his time in state custody from October 11, 2004, through August 11, 2005.  It is the responsibility of the BOP, once a prison sentence has been imposed, to determine how much credit an inmate should receive for any time spent in custody before service of the present BOP sentence.  *United States v. Wilson.* 503 U.S. 329, 333-35 (1992).  Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> >
> > *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).  For the following reasons, Bradley is not entitled to additional credit other than that already properly awarded by the BOP.  Bradley's term of state custody began on October 11, 2004, the date of his arrest.  He remained in state custody through April 17, 2006, when he was released from his state sentence.  While it appears that Bradley seeks to have part of this time credited against his federal sentence, it cannot under 18 U.S.C. § 3585(b), because it was credited to his state sentence.  Bradley began receiving credit towards his federal sentence on August 11, 2005 (date of sentencing), while he was still in state custody.  The BOP correctly stated in its response to Bradley's administrative grievance that the,

> Missouri Department of Corrections staff confirmed you received credit on your state sentence from the date of your arrest on October 11, 2004, through April 17, 2006, the date you [were] released from your state term.  Therefore, the credit you seek from October 16, 2004, through August 10, 2005, cannot be applied toward your federal sentence as this period was time spent in service of your state sentence.  Additionally, Program Statement 5880.25, *Sentence Computation Manual (CCCA*

6

*of 1984)*, states 'In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.' Your federal sentence has been computed as commencing on August 11, 2005, the date of imposition. Based on review of your sentence computation and the information above, your federal sentence has been accurately computed in accordance with relevant law and Bureau of Prisons policy.

(Doc. No. 11, Ex. F, p. 2). The Court concludes that the BOP has properly computed Bradley's sentence.

While Bradley was held by federal authorities several times during the time period of December 15, 2004, until August 11, 2005, he was simply "on loan" from the Missouri state authorities and still remained in the primary custody of the Missouri state authorities. *See United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005).

## III.    CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1)    Varnell Bradley's petition (Doc. No. 1) be DISMISSED with prejudice and the relief requested be DENIED.

DATED this 23rd day of July, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE